Argued December 15, 1975, reversed and remanded January 12, 1976

COY E. WILKERSON, *Petitioner,*
*v.*
OREGON STATE CORRECTIONAL
INSTITUTION, *Respondent.*
(CA 4864)
544 P2d 198

*John K. Hoover,* Deputy Public Defender, Salem, argued the cause for petitioner. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*W. Michael Gillette,* Solicitor General, Salem,

argued the cause for respondent. With him on the brief was Lee Johnson, Attorney General, Salem.

Before Schwab, Chief Judge, and Thornton and Lee, Judges.

THORNTON, J.

## THORNTON, J.

Petitioner appeals from the decision of the Prison Disciplinary Committee finding him guilty of violating Major Rule 14, namely, attempting to commit a major violation. Petitioner contends that the Committee erred in (1) refusing his request for a further investigation of the incident and (2) concluding that there was sufficient evidence to find petitioner guilty of violating Major Rule 14.

The charges against petitioner arose out of an incident which occurred while a group of inmates was gathered in the day room watching television. Officers Buker and Davidson heard a commotion and entered to find petitioner and inmate Terry Perkins engaged in a scuffle. Both Perkins and petitioner were charged with violating Major Rule 4, assault. Perkins pleaded guilty. He testified that petitioner was making fun of his stuttering, that he told petitioner to shut up, that he shoved petitioner, that petitioner shoved him back and that blows were then exchanged.

Petitioner testified that he was not teasing Perkins, that he neither shoved nor struck Perkins and that Perkins simply started swinging at him.

Officer Davidson testified before the Committee, but Officer Buker did not. Apparently neither officer saw the encounter begin but only saw Perkins and petitioner scuffling. Officer Davidson stated that it appeared petitioner was trying to restrain Perkins.

At the hearing before the Committee petitioner requested that the Committee investigate the incident further by talking to some of the inmates who were present during the incident. The Committee refused to do so, saying, in effect, that the testimony of inmates would not be reliable because it would not know whether the inmate supplying the information was a friend of petitioner or Perkins.

We do not reach the issue whether there was sufficient evidence to support the Committee's decision

since we must set aside its action on petitioner's first assignment. We conclude that the Committee should have granted petitioner's request and interviewed some of the inmates present at the scuffle.

While the "Procedures for Disciplinary Action" do not specifically give an accused the right to request an investigation, inmates do have a right to have other persons questioned by the Committee. *See, Bonney v. OSP,* 16 Or App 509, 519 P2d 383, *aff'd* 270 Or 79, 526 P2d 1020 (1974); *Dragoo v. OSP,* 19 Or App 1, 526 P2d 637 (1974). Rule 5(c) provides:

> "An inmate has the right to submit questions to be posed by the disciplinary committee or its designee to any person. The committee may give leave to submit further questions at the end of the hearing. All relevant questions will be posed."

Although petitioner did not submit any specific questions to be asked of the inmates present at the incident, we believe that his general request that the Committee talk to those inmates present was sufficient.

Respondent contends that the Committee is not required to honor an inmate's request that questions be posed to other persons where the Committee believes that it has sufficient evidence before it. Respondent cites no cases in support of this proposition and we find none. We note that Rule 5(c) provides in part that "[a]ll relevant questions will be posed." This, we believe, indicates that compliance with an inmate's request is not discretionary and at the same time points out the only basis by which the Committee may refuse to pose questions submitted by an inmate: relevancy. If the questions raised by the inmate are relevant, and here it is not contended otherwise, the Committee must pose them to the person indicated.

Additionally we note that Rule 5 of the "Procedures for Disciplinary Action" provides:

> "The disciplinary committee shall consider that infor-

mation which is of such reliability as would be considered by reasonable men in the conduct of their affairs."

It is inconsistent for the Committee to say that evidence supplied by interested inmates is not worthy of consideration when the main evidence relied upon by the Committee was supplied by Perkins, a participant in the scuffle and himself an inmate. Surely the inmates present at the scuffle would be no more biased than Perkins.

For the reasons noted above we are of the opinion that the Committee erred in not granting petitioner's request for a further investigation.

Reversed and remanded.