Argued February 25, affirmed April 19, 1976

JUANITA ARCHULETTA, *Petitioner,*

*v.*

OREGON WOMEN'S CORRECTIONAL CENTER,
*Respondent.*

(CA 5337)

548 P2d 1006

*Steven H. Gorham,* Salem, argued the cause for petitioner. With him on the brief was Marion-Polk Legal Aid Service, Inc., Salem.

*Thomas H. Denney,* Assistant Attorney General,

Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Foley and Fort, Judges.

FOLEY, J.

**FOLEY, J.**

This is a petition for judicial review of an order of the Disciplinary Committee for the Oregon Women's Correctional Center (OWCC) recommending noncertification of 60 days' good time for petitioner's violation of a Major Institutional Rule. The Disciplinary Committee found that petitioner violated Major Rule 14, Attempt to Commit a Major Violation, and Major Rule 15, Conspiracy to Commit a Major Violation. The attempt and conspiracy violations concerned possession and use of contraband drugs (Major Rule 8, Possession, Manufacture or Use of Dangerous Contraband). Noncertification of good time was recommended only for the attempt to possess and use illicit drugs within the institution.

Petitioner contends that (1) there was insufficient evidence to find her guilty of the Major Rule violations, and (2) the disciplinary proceeding is fatally ' defective because the Disciplinary Committee did not warn her of her right to remain silent and failed to appoint counsel to represent her at the hearing.

Our review of the Disciplinary Committee's findings is limited to a determination of whether they are "supported by substantial evidence in the whole record." ORS 183.482(8)(d); *see Bonney v. OSP,* 16 Or App 509, 519 P2d 383, *aff'd* 270 Or 79, 526 P2d 1020 (1974). The committee based its findings on substantial evidence tending to show that petitioner conspired and attempted to procure drugs for herself and a fellow inmate from a contact outside the institution to whom she had telephoned and written requesting illicit drugs. Although these communications were effectuated in a highly guarded fashion, both the monitored telephone call and the intercepted letter included a number of references which, taken together, provide substantial evidence in support of the committee's conclusion that petitioner conspired and attempted to have an outside contact bring her illicit drugs.

■ We now turn to petitioner's contention that she has been denied her right against self-incrimination under the Fifth Amendment to the United States Constitution and Art I, § 12 of the Oregon Constitution. Petitioner argues it was incumbent upon the Disciplinary Committee to warn her that she had a right to remain silent and to appoint counsel to represent her interests at the hearing before she was questioned in a custodial setting concerning conduct which could also be the subject of criminal prosecution.[1]

We conclude that petitioner's right to remain silent and her claimed right to counsel which she argues necessarily flows therefrom are issues not properly before us since the disciplinary proceeding against petitioner is not based on criminal charges and is essentially civil in nature.[2] ORS 421.105, 421.195. *See also State ex rel Juv. Dept. v. Martin,* 271 Or 603, 533 P2d 780 (1975).

Affirmed.

---

[1] *See generally,* Avant v. Clifford, 67 NJ 496, 341 A2d 629 (1975); Turner and Daniel, *Miranda in Prison: The Dilemma of Prison Discipline and Intramural Crime,* 21 Buffalo L Rev 759 (1972).

[2] The United States Supreme Court is at present reviewing cases raising the claim of the right to remain silent and the right to counsel at a disciplinary hearing when criminal prosecution is a realistic possibility. *See* Clutchette v. Procunier, 497 F2d 809 (9th Cir 1974), *modified* 510 F2d 613 (9th Cir 1975), *cert granted sub nom* Enomoto v. Clutchette, 421 US 1010, 95 S Ct 2414, 44 L Ed 2d 678 (1975); Palmigiano v. Baxter, 487 F2d 1280 (1st Cir 1973), *vacated and remanded* 418 US 908, 94 S Ct 3200, 41 L Ed 2d 1155 (1974), *modified* 510 F2d 534 (1st Cir 1974), *cert granted* 421 US 1010, 95 S Ct 2414, 44 L Ed 2d 678 (1975).

We express *no opinion on the collateral consequences,* if any, of the state's failure to warn petitioner of her claimed right against self-incrimination should the issue present itself in a subsequent criminal case against petitioner arising out of the same incident.