Argued June 17, reversed and remanded August 2, 1976

DONALD GEDDES, *Petitioner,*

*v.*

OREGON STATE PENITENTIARY, *Respondent.*

(No. 01-76-303, CA 6004)

DONALD GEDDES, *Petitioner,*

*v.*

OREGON STATE PENITENTIARY, *Respondent.*

(No. 01-76-302, CA 6006)

552 P2d 568

*Gary D. Babcock,* Public Defender, Salem, argued the cause and filed the brief for petitioner.

*Thomas H. Denney,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Fort and Thornton, Judges.

SCHWAB, C. J.

**SCHWAB, C. J.**

Petitioner was charged with two separate violations, on different days, of Major Rule 10, Disrespect to Staff. The cases were heard together, and petitioner was found guilty of both violations. Petitioner contends that the order imposing sanctions should be vacated because the disciplinary committee failed to conduct a proper investigation pursuant to his request.

The Corrections Division's "Procedures for Disciplinary Action" specify that

"[a]n inmate has the right to submit questions to be posed by the disciplinary committee or its designee to any person. The committee may give leave to submit further questions at the end of the hearing. All relevant questions will be posed." Rule IV(5)(c).

The questions need not be in writing. *See generally, Wilkerson v. OSCI,* 24 Or App 61, 64, 544 P2d 198 (1976).

Petitioner asserted that it would be easy to verify that at least two other inmates were present at the time that petitioner allegedly threatened the reporting officer, contrary to the implication of the officer's violation report. One Captain Pribble informed petitioner that he, Pribble, wanted to conduct an investigation of the charges. Petitioner stated that "if Mr. Pribble's makin' an investigation, it would seem it would have something to do with this court." Petitioner was accused of shouting a disrespectful comment about the reporting officer to several other inmates. Petitioner told the disciplinary committee:

"* * * I just wonder why some of these inmates haven't been questioned to see if I made a statement like that * * *."

Considering the record as a whole, we find that petitioner requested, rather inartfully, that the disciplinary committee (1) question the two inmates to determine whether they were present at the time petitioner allegedly threatened the reporting officer and whether they had any information regarding the

alleged incident, (2) question Captain Pribble to determine whether he was conducting an investigation and, if so, its results, and (3) question the inmates to whom petitioner allegedly shouted to determine whether that particular incident occurred.

The answers to these questions were relevant to the charges petitioner faced. Failure to pose these questions to the various individuals deprived petitioner of his right to a hearing in accordance with the duly adopted rules of the Corrections Division.

Reversed and remanded.