Argued September 29, reversed and remanded October 25, 1976

STATE OF OREGON, *Respondent,*
*v.*
ROBERT JULIUS TAVERNIER, *Appellant.*

(No. 47063, CA 6169)

555 P2d 481

*Robert C. Cannon,* Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief were Gary D. Babcock, Public Defender, and Albert C. Miller, Salem.

*Rhidian M. M. Morgan,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Lee and Tanzer, Judges.

TANZER, J.

[ 115 ]

**TANZER, J.**

Defendant appeals from his conviction for forgery assigning as error, among other assignments, the admission of evidence flowing from a polygraph examination of himself.

The state offered evidence of the examination based upon the stipulation of the parties that the defendant would submit to examination by "a qualified polygraph operator" and that no objection would be made to the admission at trial of the resulting evidence, *see State v. Bennett,* 17 Or App 197, 521 P2d 31, *rev den* (1974). Defendant objected on the basis of the lack of qualification of the operator. The state responds that the expertise of the operator was proved and the weight to be accorded to his testimony was for the jury.

The law of qualification of polygraph operators is established by ORS ch 703. ORS 703.050 provides:

> "No person, including persons employed by a state agency or public body in this state, may engage in conducting polygraph examinations, refer to himself as a polygraph examiner or offer or advertise his services as a polygraph examiner unless he is licensed under ORS 703.010 and 703.030 to 703.320 as a polygraph examiner."

ORS 703.060 provides for two types of licenses: trainee and general. The witness in this case was licensed as a trainee. ORS 703.090(1), (2), (3) and (4) set out qualifications for trainees, none of which relate to acquired skills. Additional qualifications are required for the general license as set out in ORS 703.090(6) and (7):

> "Any applicant for a license as a general polygraph examiner must:
>
> "* * * * *
>
> "(6) Have graduated from a polygraph examiners course approved by the board and have satisfactorily completed at least 200 examinations, or have worked as a polygraph examiner for a period of five years for a governmental agency within the State of Oregon and have completed 200 examinations; and

"(7) Have successfully completed an examination conducted by the board to determine his competency to act as a polygraph examiner."

This witness had successfully completed a six-week course of formal training. His work has been under the supervision of a licensed polygraph examiner of the Oregon State Police who was not present at this examination. The witness had conducted 81 examinations at the time of this testimony.

The stipulation by the defendant to admission of evidence of examination by a "qualified polygraph operator" implies that the operator be legally qualified. Since the witness was not generally licensed and therefore not legally entitled to conduct polygraph examinations or refer to himself as a polygraph examiner, the results of his examination were not contemplated by the stipulation. However competent the witness may be in fact, he has not yet achieved the degree of training and tested expertise which the legislature requires as minimum qualifications for the practice of instrumental lie detection and truth verification. Admission of his testimony was erroneous.

The other assignments of error do not require discussion.

Reversed and remanded.