Argued January 19, affirmed February 14, 1977

CHERYL A. SANDLIN, *Petitioner,*

*v.*

OREGON WOMEN'S CORRECTIONAL CENTER,
*Respondent.*

(PD No. 408-D, CA 6949)

559 P2d 1308

Gary L. Hooper, Deputy Public Defender, Salem, argued the cause for petitioner. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Melinda L. Bruce, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Thornton and Richardson, Judges.

THORNTON, J.

## THORNTON, J.

Petitioner, an inmate confined in the Oregon Women's Correctional Center, seeks judicial review of an adverse decision of the disciplinary committee. Petitioner was charged with possession, manufacture and use of dangerous contraband, viz., marihuana, in violation of Major Rule 7.

Following a hearing the committee found that petitioner had violated the rule, and recommended that she serve 14 days in full room restriction and forfeit 30 days' statutory good time. The superintendent approved the committee's recommendation.

Petitioner contends that the committee's decision was in error on two grounds: (1) the evidence was insufficient to show that petitioner knowingly possessed marihuana, and (2) the committee wrongfully denied petitioner's request that she be given a polygraph examination, presumably for use by the committee in determining her guilt or innocence of the charge.

■ First, we have examined the record and conclude that the evidence is sufficient to support the committee's determination that petitioner had violated Major Rule 7 as charged. ORS 183.482(8). *See, Archuletta v. OWCC,* 25 Or App 149, 548 P2d 1006 (1976). As in *Hanlon v. OSP,* 24 Or App 859, 547 P2d 642, Sup Ct *review denied* (1976), the disciplinary committee could reasonably infer from the record, despite petitioner's denial, that petitioner was in fact aware of the presence of the marihuana plant found growing in her quarters.

■ Petitioner's second assignment is that the committee should have granted her request for the polygraph examination. So far as we can determine this issue has not been decided in any jurisdiction. In support of this contention petitioner relies on language in ORS

421.190[1] providing that evidence may be received in disciplinary hearings "even though inadmissible under rules of evidence applicable to court procedure * * *." Petitioner acknowledges that polygraph results are presently inadmissible in criminal trials in this state.

The state stresses the following points contra: first, that polygraph tests have not been generally accepted because there has been no general scientific acceptance of their reliability, citing *State v. Green,* 271 Or 153, 531 P2d 245 (1975);[2] second, that there are only a very small number of qualified polygraph operators who are available in this state in comparison to the large number of inmates who would conceivably request such examinations in disciplinary proceedings, and therefore the committee did not abuse its discretion in denying petitioner's request.

As petitioner has already conceded, the results of polygraph examinations are inadmissible in Oregon criminal prosecutions unless agreed to by both parties. *State v. Green, supra.* This rule would not, however, necessarily preclude their admission in evidence in prison disciplinary proceedings in view of the language of ORS 421.190, quoted above. By the same token, this language does not compel the committee to grant petitioner's request in the instant case. A disciplinary hearing is not a criminal trial; rather, it is a special type of administrative proceeding essentially civil in nature to determine if an inmate has violated prison rules and regulations, and what punishment, if

---

[1] ORS 421.190 provides:

"Evidence may be received at disciplinary hearings even though inadmissible under rules of evidence applicable to court procedure and the division shall establish procedures to regulate and provide for the nature and extent of the proofs and evidence and the method of taking and furnishing the same in order to afford the inmate a reasonable opportunity for a fair hearing."

[2] *See also,* discussion of polygraph evidence in *In re Herbert D. Black,* 251 Or 177, 191, 444 P2d 929 (1968), and authorities cited in *State v. Green,* 271 Or 153, 165 et seq, 531 P2d 245 (1975).

[ 522 ]

any, should be imposed for the violation. *Archuletta v. OWCC, supra.*

The admissibility of polygraph evidence in civil proceedings was considered in *In re Herbert D. Black,* 251 Or 177, 191, 444 P2d 929 (1968). Petitioner Black, a disbarred attorney, was seeking reinstatement as a member of the Oregon State Bar. In support of his petition he offered evidence of the results of a polygraph test concerning the incident upon which his disbarment was based. Although our Supreme Court considered this evidence despite the objection of trial counsel for the Oregon State Bar, the court said this:

"* * * By considering the evidentiary value of the polygraph test in the present proceeding we do not intend to imply that polygraph evidence is admissible in civil or criminal actions unless both parties consent to the receipt of such evidence. * * *"

By the terms of ORS 421.190 and the rules promulgated pursuant to that section (*see,* Rule IV(5) of the Procedures for Disciplinary Action within Correctional Institutions), prison officials are vested with a reasonable degree of discretion in determining the nature and extent of the evidence which should be admitted in such proceedings.

*Wolff v. McDonnell,* 418 US 539, 94 S Ct 2963, 41 L Ed 2d 935 (1974); *Bonney v. OSP,* 270 Or 79, 526 P2d 1020 (1974); and *Bekins v. OSP,* 19 Or App 11, 526 P2d 629 (1974), are indirectly of some precedential value in analyzing this question.

*Wolff* spelled out certain minimal due process rights of inmates in prison disciplinary proceedings under the provisions of the Fourteenth Amendment to the United States Constitution. The court held, inter alia, that inmates should be allowed to call witnesses and present documentary evidence when permitting them to do so will not be unduly hazardous to institutional safety or correctional goals, but that due process does not require confrontation and cross-examination

[ 523 ]

procedures, and does not require that inmates have right to counsel.

*Bonney* involved not a request for a polygraph examination but several other claimed rights, viz., the right of an inmate to representation by counsel, confrontation, cross-examination and presentation of witnesses in a disciplinary proceeding. In delineating the above enumerated "rights" our Supreme Court noted that "the requirement of a 'fair hearing' [in prison disciplinary proceedings] * * * is nothing more than due process." 270 Or at 87.

In *Bekins* we held that the inmate did not have the constitutional right either to retained or appointed counsel in disciplinary proceedings, nor did he have a constitutional right to present testimony through live witnesses.

■ Viewing petitioner's request in the light of the above authorities we conclude first, that due process does not require the state to grant this inmate's request for a polygraph examination. Second, we hold that under the facts involved here the disciplinary committee did not abuse its discretion under ORS 421.190 in denying petitioner's request.

Affirmed.