DENNIS WILLIAMS, *Petitioner,*

*v.*

OREGON STATE PENITENTIARY, *Respondent.*

(No. 06-76-176, CA 7445)

564 P2d 706

Judicial Review from Corrections Division.

Robert C. Cannon, Deputy Public Defender, Salem, argued the cause for petitioner. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Lee and Richardson, Judges.

SCHWAB, C. J.

**SCHWAB, C. J.**

Petitioner, an inmate of the Oregon State Penitentiary, appeals from an order of the prison disciplinary committee imposing sanctions on him for the violation of a prison disciplinary rule forbidding conspiracy to introduce narcotics into the prison. Petitioner contends that the disciplinary committee improperly received evidence of the results of a polygraph examination administered to him.

Prior to June 11, 1976, petitioner was moved to the segregation unit of the penitentiary pending an "investigation into numerous alleged crimes and violations against the institution." Petitioner then requested that he be given a polygraph examination in order to clear himself of the alleged violations, and on June 11, 1976, such an examination was given him by Willard Prater. The record contains no indication of Prater's qualifications as a polygraph examiner. The results of this test, which indicated that petitioner had responded deceptively to questions about his involvement in procuring narcotics for the inmates of the prison, were introduced into evidence at the hearing conducted by the disciplinary committee.

Petitioner contends that it was improper for the committee to receive into evidence the results of the polygraph examination absent any indication of Prater's qualifications as a polygraph examiner.

ORS 421.190 provides:

> "Evidence may be received at disciplinary hearings even though inadmissible under rules of evidence applicable to court procedure and the division shall establish procedures to regulate and provide for the nature and extent of the proofs and evidence and the method of taking and furnishing the same in order to afford the inmate a reasonable opportunity for a fair hearing."

In *dicta* in *Sandlin v. OWCC,* 28 Or App 519, 522, 559 P2d 1308 (1977), we noted the possibility that ORS 421.190 might make polygraph evidence admissible in prison disciplinary hearings, but did not reach or

decide that issue. We now hold that in order for there to be a "reasonable opportunity for a fair hearing," polygraph evidence is not admissible in prison disciplinary hearings absent a foundation consisting of the qualifications of the examiner.

This conclusion follows from the severe statutory limits on polygraph examiners. ORS 703.050 provides:

> "No person, including persons employed by a state agency or public body in this state, may engage in conducting polygraph examinations, refer to himself as a polygraph examiner or offer or advertise his services as a polygraph examiner unless he is licensed under ORS 703.010 and 703.030 to 703.320 as a polygraph examiner."

ORS 703.060 establishes two types of polygraph examiner licenses: trainee and general. In order to qualify for a license as a trainee, an applicant must meet certain standards, none of which require any experience with polygraph examinations. ORS 703.090(1), (2), (3) and (4). In order to qualify for a license as a general polygraph examiner, an applicant must meet the standards established for trainees as well as the requirements of a minimum education requirement, the successful completion of an examination testing competence as a polygraph examiner, graduation from a polygraph examiner's course, and the completion of at least 200 polygraph examinations (presumably as a trainee). ORS 703.090.

The state contends that the qualifications of a polygraph examiner should only go to the weight which should be given the evidence of the examination. However, when a person stipulates to the admission of a polygraph examination, absent some evidence of an agreement, express or implied, to the contrary, he is at least entitled to assume that the examination will be conducted by a person who is not by statute forbidden to hold himself out as a polygraph examiner and to conduct such examinations. *See State v. Tavernier,* 27 Or App 115, 555 P2d 481 (1976). In the absence of any evidence as to Prater's qualifications, it

was error for the disciplinary committee to receive the evidence of the polygraph examination.

Petitioner's remaining assignment of error does not warrant discussion.

Reversed and remanded.