Argued December 21, 1977, affirmed February 7, 1978

DONALD DANFORD, *Petitioner,*
*v.*
OREGON STATE PENITENTIARY, *Respondent.*
(No. 06 77 175, CA 9056)
574 P2d 363

Robert C. Cannon, Deputy Public Defender, Salem, argued the cause for petitioner. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and Al J. Laue, Solicitor General, Salem.

Before Schwab, Chief Judge, and Thornton and Johnson, Judges.

PER CURIAM.

**PER CURIAM.**

The only issue raised in this petition for review of an order of the Oregon State Penitentiary Disciplinary Committee (Committee) is whether the Committee's investigator adequately questioned other inmates as requested by petitioner.

Petitioner was charged with violating Corrections Division Rules of Prohibited Conduct, Rule 4, Assault. Oregon Administrative Rules, ch 291, § 40-050(4). He claimed he was not present at the time and place of the alleged incident and, in an effort to gather evidence supporting his alibi, he requested the Committee's investigation to include questioning of 14 inmates concerning petitioner's whereabouts at the time of the alleged incident. Petitioner claims that he was not afforded a reasonably fair hearing because the investigation was inadequate.

We have reviewed the reports of the investigator wherein he summarizes his conversation with each inmate petitioner requested to be interviewed. We conclude that while it is unclear whether the investigator posed the specific questions provided by petitioner, it is clear that he adequately covered the same ground in his interview. The investigator obviously asked each inmate if he had seen petitioner on or about the date of the alleged assault, and if they had, he asked them where and when.

The investigator's procedure comports with the requirements of Corrections Division Procedures for Disciplinary Action, OAR 291-40-115(5)(c)(A), which says:

"(5) Evidence. The disciplinary committee shall consider that information which is of such reliability as would be considered by reasonable men in the conduct of their affairs:

"* * * * *

"(c) An inmate has a right to submit questions to be posed by the disciplinary committee or its designee to any person:

"(A) All relevant questions shall be posed."

*Cf., Geddes v. OSP,* 26 Or App 303, 552 P2d 568 (1976); *Wilkerson v. OSCI,* 24 Or App 61, 544 P2d 198 (1976).

Affirmed.