Argued April 24, affirmed July 18, 1978

JOE BISHOP, *Petitioner,*
*v.*
OREGON STATE PENITENTIARY, *Respondent.*
(No. 11-77-064, CA 9763)
581 P2d 122

Gary L. Hooper, Deputy Public Defender, Salem, argued the cause for petitioner. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Scott McAlister, Assistant Attorney General, Salem, argued the cause for respondent. With him on

the brief were James A. Redden, Attorney General, and Al J. Laue, Solicitor General, Salem.

Before Schwab, Chief Judge, and Lee, Richardson and Joseph, Judges.

RICHARDSON, J.

## RICHARDSON, J.

In this prison disciplinary proceeding petitioner appeals a decision of the Disciplinary Committee finding him guilty of violating Major Rules No. 7, Possession of Contraband, and No. 13, Conspiracy. The committee recommended he serve one year in segregation and forfeit 304 days' statutory good time. Petitioner contends the committee erred in denying his request for a polygraph examination and in not following the Corrections Division rules in forfeiting his statutory good time.

The charges arose when a prison staff member observed inmate George place several cartons of cigarettes in petitioner's cell. He saw petitioner hand inmate George a folded piece of white paper. The paper was subsequently retrieved and found to contain marijuana.

Inmate George stated he was merely a messenger requested to deliver the cigarettes to petitioner and that he received a folded piece of paper but did not know what it contained. A prison guard searched petitioner's cell and found 12 cartons of cigarettes and a torn piece of white writing paper. The torn edges of the paper containing the marijuana and of the paper found in petitioner's cell matched exactly.

Petitioner admitted receiving the cigarettes, but testified he gave inmate George a white book of matches. He stated the cigarettes were to be traded for a different brand. Petitioner requested a polygraph examination. The committee made no response to his request for a polygraph examination, and none was given. We classify this as a denial of his request.

We held in *Sandlin v. OWCC,* 28 Or App 519, 559 P2d 1308 (1977), that constitutional due process does not require the state to grant an inmate's request for a polygraph examination, but the request may be honored, in the discretion of the Disciplinary Committee, under ORS 421.190. The discretion authorized in this

statute must be exercised with a view toward affording the accused inmate a reasonable opportunity for a fair hearing. Whether a fair hearing is accorded an inmate must be determined in the context of the institutional setting. What may be appropriate in a civil or criminal trial may not necessarily be appropriate in a prison disciplinary hearing. *See Wolff v. McDonnell,* 418 US 539, 94 S Ct 2963, 41 L Ed 2d 935 (1974); *Bonney v. OSP,* 270 Or 79, 526 P2d 1020 (1974); *Bekins v. OSP,* 19 Or App 11, 526 P2d 629 (1974).

█ In exercising its discretion to grant or deny a request for a polygraph examination, the committee may properly consider the doubtful validity of polygraph test results, *see State v. Green,* 271 Or 153, 531 P2d 245 (1975); *In re Hubert D. Black,* 251 Or 177, 444 P2d 929 (1968), the availability of qualified operators, *see Williams v. OSP,* 29 Or App 455, 564 P2d 706 (1977), and equipment; and the time and expense necessary to conduct the test. These factors may be considered by the committee in conjunction with the necessity of a polygraph examination to resolve the issues presented in the hearing.

█ There was substantial evidence that petitioner passed the folded piece of paper containing the marijuana to inmate George. Petitioner was given an opportunity to contest the evidence and on his request a further investigation was conducted. Under the facts of the case the committee did not abuse its discretion in denying the polygraph examination. We decline the invitation of petitioner to impose a limit on the Disciplinary Committee's discretion to the effect that a polygraph examination must be given when requested to resolve the veracity of an inmate's denial.

Petitioner's contentions respecting the validity of sanctions imposed is resolved by our holdings in *Melton v. OSCI,* 34 Or App 951, 580 P2d 572 (1978), and *Mason v. OSCI,* 34 Or App 329, 578 P2d 808 (1978).

Affirmed.