Argued March 22, reversed and remanded
April 23, 1979

FRANK LEWIS NICKLIN, *Petitioner,*
*v.*
OREGON STATE CORRECTIONAL INSTITUTION,
*Respondent.*
(Agency No. 4505, CA 12569)
593 P2d 1268

David E. Groom, Salem, argued the cause for petitioner. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Scott McAlister, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Schwab, Chief Judge, and Tanzer, Richardson and Roberts, Judges.

ROBERTS, J.

**ROBERTS, J.**

Petitioner appeals from a decision of the Prison Disciplinary Committee finding him guilty of violating Rule 17, possession, manufacture or use of dangerous contraband. Petitioner contends that the Disciplinary Committee erred in failing to grant his request for an investigation. We reverse.

Petitioner was charged with consuming "pruno," a homemade alcoholic beverage, after an officer who was conducting a routine frisk of petitioner detected the odor of this substance on petitioner's breath. Petitioner was examined by a registered nurse who concluded that, except for the odor on his breath, it was "questionable" whether he had ingested any alcoholic beverage.

Petitioner pleaded not guilty to the charge, contending that any odor on his breath was from the "liquid smoke" which he had put on his meatloaf at lunchtime. Two other inmates were charged along with him, both of whom pleaded guilty although one changed his plea to not guilty on the ground that he had not known what it was he was drinking. The nurse testified that the odor on petitioner's breath was the same as that on the breaths of the other two inmates. The other two inmates were questioned in the course of the hearing; neither testified to having seen petitioner drink pruno.

Petitioner requested that the committee conduct an investigation pursuant to OAR 291-40-115(d)(A) which provides:

"An investigation shall be conducted upon the inmate's request, if relevant."

A member of the committee questioned petitioner as to his request as follows:

"BERKSHIRE: Well, what would an investigation reveal besides what you've stated and what Cpl. Schwentker has reported?

"NICKLIN:     I don't know, I guess they could ask around and see if I was drinking any pruno.

"BERKSHIRE:     I see. Do you have any questions - uh, who would you want asked around?

"NICKLIN:     Anybody in the kitchen.

"BERKSHIRE:     Anybody in the kitchen. Well who are some people who were in the kitchen?

"NICKLIN:     Cooks on the crew, I don't know their names - on relief kitchen, the Steward there.

"BERKSHIRE:     Well, did the Steward see you drinking anything?

"NICKLIN:     No.

"BERKSHIRE:     Well, how would he be able to tell?

"NICKLIN:     I don't know.

"BERKSHIRE:     Who saw you drinking the pruno?

"NICKLIN:     I didn't drink any."

The committee spokesman responded by reciting evidence before the committee, namely the reporting officer's testimony that petitioner had the smell of pruno on his breath and the nurse's testimony that petitioner's breath smelled the same as the breaths of the inmates who had admitted drinking the alcohol, and concluded that "The Committee sees no merit in contacting anybody else as to whether or not you may or may not have consumed any pruno."

In *Wilkerson v. OSCI,* 24 Or App 61, 544 P2d 198 (1976), we rejected the contention that the Committee is not required to honor an inmate's request that it pose questions to other persons where it believes that it has sufficient evidence before it. The only pertinent question before us is whether the investigation requested by petitioner would be relevant to the question before the committee. 24 Or App at 64.

██ The state argues that persons questioned would either state that they had seen petitioner drink pruno, thereby damaging his case, or state that they had not seen him drink pruno, which response would be

irrelevant since there is already ample evidence to support the committee's conclusion. However, as stated above, the sufficiency of the evidence already before the committee is not the determining factor in whether an investigation should be conducted. The state's speculation as to the outcome of the investigation is not helpful. The investigation could also conceivably turn up persons who were observing petitioner and never saw him drink pruno or who saw him turn it down. Petitioner's request that persons who were in the kitchen with him be questioned was relevant and the request was improperly denied.

Reversed and remanded.