JOHN PALAIA,
*Petitioner,*
*v.*
OREGON STATE PENITENTIARY,
*Respondent.*
(Consolidated Cases)
(Nos. 11-78-054, 11-78-055, CA 12788)
597 P2d 832

David E. Groom, Salem, argued the cause for petitioner. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Scott McAlister, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Schwab, Chief Judge, and Thornton, Buttler and Joseph, Judges.

THORNTON, J.

## THORNTON, J.

Petitioner appeals from the prison disciplinary committee's decision that he violated two prohibited conduct rules. He assigns as error the committee's refusal to investigate the incident for which he was disciplined.

The committee found that petitioner had, as reported by officers, thrown an orange and a cup of coffee at an officer, used abusive language toward that officer, and threatened another officer by brandishing a pencil at his face. The committee found that petitioner had violated Rules 9 (disrespect to another) and 14 (attempt to violate a prohibited conduct rule — here Rule 4, assault).

At the hearing, petitioner requested an investigation and proffered four pages of questions to be asked various people. The committee refused to investigate, holding that most of the questions did not pertain to the incident in question and the remaining questions had "been testified to by [petitioner], [and] the answers * * * would have little effect on the outcome in that they do not touch upon the violation per se."

The administrative rule pertaining to disciplinary hearings, OAR 291-40-115, provides in pertinent part:

"[5] (c) An inmate has a right to submit questions to be posed by the disciplinary committee or its designee to any person:

"(A) All relevant questions shall be posed.
" * * * * *

"(d) An inmate has a right to request an investigation to be conducted by the disciplinary committee or its designee:

"(A) An investigation shall be conducted upon the inmate's request if relevant."

It is true that many of the questions concern incidents not at issue, and those remaining would not, read strictly, elicit answers which would help determine whether petitioner had indeed committed the rule violations.

[121]

■ That a request for an investigation is somewhat inartfully made is insufficient for denial of the request, *see Geddes v. OSP,* 26 Or App 303, 552 P2d 568 (1976), and submission of specific questions is not a prerequisite to a valid request for an investigation. *Wilkerson v. OSCI,* 24 Or App 61, 544 P2d 198 (1976). Furthermore, the investigator is not limited to the precise wording of the questions submitted by the inmate, so long as the relevant subject matter is adequately covered. *Danford v. OSP,* 32 Or App 509, 574 P2d 363 (1978).

■ Here, petitioner sought to have other inmates questioned as to what they had heard and seen at the time of the incident under investigation and at other times. The committee need not investigate incidents other than that for which the disciplinary proceeding was instigated. Petitioner claims that investigating earlier and later incidents would lead to an understanding of the incident giving rise to the charges but does not suggest, and we cannot discern, how such an "understanding" would aid in proving or disproving that he acted as alleged.

■ Petitioner's questions regarding the incident for which he was charged would not, under a strict reading, elicit information precisely relevant to proving or disproving the charges against him. Those questions, however, when combined with petitioner's request for an investigation of the charges, are sufficient to require the committee to investigate the incident.

Reversed and remanded.