Argued and submitted August 25, affirmed in part,
reversed in part and remanded October 6, 1980

**JAMES HERRON,**
*Petitioner,*
*v.*
**OREGON STATE PENITENTIARY,**
*Respondent.*

(No. 03-80-011, CA 17370)

617 P2d 320

Gary D. Babcock, Public Defender, Salem, argued the cause and submitted the brief for petitioner.

Scott McAlister, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James M. Brown, Attorney General, John R. McCulloch, Jr., Solicitor General, and William F. Gary, Deputy Solicitor General, Salem.

Before Gillette, Presiding Judge, and Roberts and Campbell, Judges.

GILLETTE, P. J.

## GILLETTE, P. J.

■     Petitioner was charged with violating institution rules by possessing dangerous contraband, specifically a hash pipe and a knife. OAR 291-105-01, IV(A), 7(A) and 7(C). At the disciplinary hearing, he admitted that the hash pipe was his and, on appeal, he does not challenge the finding that he violated the rule by possessing the pipe. However, at the hearing below, petitioner maintained that the knife was not his and that it had been planted in his cell. He offered to take a polygraph test to demonstrate his innocence. However, the test results indicated that petitioner was being deceptive in denying prior knowledge and ownership of the knife. Following the receipt of the polygraph test results, petitioner was found to have violated the rule by possessing the knife. For this violation, he was sentenced to serve twelve months in segregation.[1] Petitioner appeals, contending that the polygraph results were inadmissible because the record does not demonstrate that the examiner was qualified to administer the test. We agree, and reverse the finding that petitioner violated the rule by possessing the knife.

■     In *Williams v. OSP,* 29 Or App 455, 458, 564 P2d 706 (1977), we held that,

"* * * polygraph evidence is not admissible in prison disciplinary hearings absent a foundation consisting of the qualifications of the examiner. * * * [W]hen a person stipulates to the admission of a polygraph examination, absent some evidence of an agreement, express or [2] implied, to the contrary, he is at least entitled to assume that the examination will be conducted by a person who is not forbidden to hold himself out as a polygraph examiner and to conduct such examinations. * * *"

The person who conducted petitioner's polygraph examination was a licensed trainee. His training was supervised by a licensed polygraph examiner.

---

[1] The committee also recommended that the Parole Board consider a 50 percent extension of the petitioner's parole release date.

[2] There is no such agreement in this case.

Both the trainee and the polygraph examiner licenses are in the record.

ORS 703.060(1) provides that:

"(1) The trainee license permits the holder to engage in an internship."

ORS 703.010(3) provides that:

"(3) 'Internship' means *the study by a trainee* of polygraph examinations and *of the administration of polygraph examinations under the personal supervision and control of a polygraph examiner* in accordance with the course of study prescribed by the board at the commencement of such study." (Emphasis supplied).

ORS 703.050 provides that:

" *No person,* including persons employed by a state agency or public body in this state, *may engage in conducting polygraph examinations,* refer to himself as a polygraph examiner or offer or advertise his services as a polygraph examiner *unless he is licensed under ORS 703.010 and 703.030 to 703.320 as a polygraph examiner."* (Emphasis supplied).

In its brief to this court, the state interprets the statutes, set out above, as requiring that when, as in this case, a trainee conducts a polygraph examination, the supervising examiner must personally observe the test. We agree with this interpretation. In this case, however, the record indicates only that the trainee "is under the direct supervision of the [examiner] and his reports are all reviewed by the [examiner]." There is no evidence that the supervisor was present when the test in question was administered. This showing is insufficient to allow for the introduction of the results of the polygraph examination. The results of the polygraph examination should not have been admitted.

Affirmed in part, reversed in part, and remanded.