Submitted on record and briefs June 17, reversed and remanded for reconsideration
November 13, 1991

## WILLIAM M. SMITH,
*Petitioner,*

*v.*

## OREGON STATE PENITENTIARY,
*Respondent.*

(08-90-182; CA A66638)

820 P2d 873

William M. Smith, Salem, filed the brief *pro se* for petitioner.

Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and Ann Kelley, Assistant Attorney General, Salem, filed the brief for respondent.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

EDMONDS, J.

## EDMONDS, J.

Petitioner seeks judicial review of a final order of the Superintendent of the Oregon State Penitentiary that concluded that he had violated OAR 291-105-015(8)[1] by engaging in prohibited sexual activity. We reverse.

■ In August, 1990, an OSP librarian filed a misconduct report[2] in which she alleged that petitioner had fondled his exposed penis in front of her. She said that petitioner "held a paper bag over his lap to hide his actions from 25 other inmates in the library." At hearing, petitioner denied the alleged conduct. This colloquy occurred:

"[HEARINGS OFFICER]:   * * * Do you have a statement you would like to make * * *?

"[PETITIONER]   Yes[.] * * * First of all I was going to ask that this be investigated and that Richard McKenzie * * * be talked to as well as the other inmates. * * * I wanted you to, or investigators to speak to Rick McKenzie and the other inmates that were there."

The hearings officer denied the request. After listening to petitioner's arguments, the hearings officer made findings of fact consistent with the librarian's report and concluded that petitioner had violated OAR 291-105-015(8). The superintendent approved the order.

OAR 291-105-057(11)(e) provides, in part:

"In formal hearings, the inmate has a right to request an investigation be conducted."

---

[1] OAR 291-105-015(8) provides:

"Sexual Activity: No inmate confined in a Department of Corrections facility shall engage in sexually stimulating activity in the presence of, in view of, or with another person, except as authorized by visiting rules. A 'sexually stimulating activity' includes but is not limited to sexual intercourse, caressing, kissing, fondling, and/or manipulation of the genitalia. Community laws pertaining to consenting adults engaging in sexual activities shall prevail for short-term temporary leave inmates."

[2] The librarian's report also alleged that petitioner violated OAR 291-105-015(9) and (10), which prohibit disrespect to another and disobedience of an order, respectively. The hearings officer declined to consider those charges, however, "on the grounds the incident of misconduct was adequately encompassed in the [OAR 291-105-015(8)] violation."

OAR 291-105-058(1) provides:

> "An investigation shall be conducted upon the inmate's request if taken in the light most favorable to the inmate, the information sought, together with reasonable inferences to be drawn from the information, would constitute a defense to the charge or mitigate the violation, and the information sought is within the ability of the facility to procure."

Petitioner argues that the hearings officer erroneously denied his right to an investigation. The state argues that we should uphold the officer's decision, because petitioner's "comments about wanting an investigation are all in the past tense." It also argues that,

> "[e]ven viewing the evidence in the light most favorable to petitioner, testimony from all of the other inmates who were in the law library at that time would not have constituted a defense to the charge or mitigate the violation, because all they could have said was that they did not see petitioner's exposed penis."

■ An inartful request for an investigation is not a sufficient ground to deny the request. *Palaia v. OSP,* 41 Or App 119, 122, 597 P2d 832 (1979). Moreover, testimony by witnesses who were in a position to observe petitioner's actions would be probative on the issue of whether he had exposed himself. The hearings officer erred in denying petitioner's request for an investigation.

■ The hearings officer also denied petitioner's request to demonstrate in the hearing why it was "physically impossible" for the librarian to see what she reported. The hearings officer should have granted petitioner's request. OAR 291-105-063(1).[3]

Petitioner's other arguments do not require discussion.

Reversed and remanded for reconsideration.

---

[3] OAR 291-105-063(1) provides:

"An inmate participating in a hearing shall have the right to present documents/physical evidence during the hearing."