On respondent's petition for reconsideration filed June 24, reconsideration allowed; opinion (141 Or App 347, 918 P2d 120) modified and adhered to as modified August 28, 1996

HARVEY CARON,
*Petitioner,*

*v.*

OREGON STATE PENITENTIARY,
Corrections Department,
*Respondent.*

(6-94-16; CA A85982)

923 P2d 672

Theodore R. Kulongoski, Attorney General, Virginia L. Linder, Solicitor General, and Christine A. Chute, Assistant Attorney General, for petition.

Before Deits, Presiding Judge, and De Muniz and Haselton, Judges.

DE MUNIZ, J.

## DE MUNIZ, J.

■ The state petitions for reconsideration of our opinion. 141 Or App 347, 918 P2d 120 (1996). Citing *Bishop v. OSP*, 35 Or App 315, 581 P2d 122 (1978), as instructive on the issue, we concluded that, under the facts of this case, the refusal of the hearings officer to order a polygraph examination for petitioner was an abuse of discretion that deprived petitioner of the opportunity for a fair hearing and required reversal. *Id.* at 353. The state asks that we "revise" the opinion to eliminate reference to the hearings officer's abuse of discretion, because appellate review in prison disciplinary cases is not for abuse of discretion. ORS 183.482(7), (8).

■ Our references to abuse of discretion were in the context of ORS 421.190, which authorizes receipt of evidence in disciplinary cases even though the evidence might not be admissible in court. The abuse of discretion here was in the hearings officer's decision to offer a polygraph examination to petitioner and then deciding to proceed without that evidence. We concluded that that decision was an "abuse of discretion."

However, the state is correct that ORS 183.482(7) and (8) do not provide a basis for reversal or remand of an agency order for abuse of discretion. Accordingly, we allow the state's petition in order to eliminate any confusion. The sentence at 141 Or App at 353, "[u]nder these circumstances, the abuse of discretion requires reversal[,]⁵" is amended to read:

"Under these circumstances, the fairness of the proceeding was 'impaired by a material error in procedure' by the hearings officer's decision and requires a remand for further agency action. ORS 183.482(7).⁵"

Reconsideration allowed; opinion modified and adhered to as modified.