Argued May 24, affirmed June 28, 1974

# JOHN W. WHILEY, *Petitioner, v.* OREGON STATE PENITENTIARY, *Respondent.*

523 P2d 1051

*Robert C. Cannon,* Deputy Public Defender, Salem, argued the cause for petitioner. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*W. Michael Gillette,* Solicitor General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and Scott McAlister, Assistant Attorney General, Salem.

Before SCHWAB, Chief Judge, and LANGTRY and FORT, Judges.

SCHWAB, C. J.

This is a petition for review of a final order of the Superintendent of the Oregon State Penitentiary as authorized by ORS 421.195.[1] Petitioner was charged by a correction officer with violating several rules of the institution, specifically: loitering, disobeying a direct order; displaying disrespect to the staff; menac-

---

[1] In its pertinent parts ORS 421.195 states:

"If an order places an inmate in segregation * * * the order and the proceedings underlying the order are subject to review by the Court of Appeals upon petition to that court. * * * The court may affirm, reverse or remand the order on the same basis as provided in paragraphs (a) to (d) of subsection (7) of ORS 183.480 * * *."

ing and exhibiting major disruptive behavior. Following investigation and hearing the Disciplinary Committee found petitioner guilty of all charges except that of menacing. The Committee recommended 90 days' segregation, which recommendation was adopted by the Superintendent of the Oregon State Penitentiary.

■ Petitioner urges that the sanction of 90 days' segregation was excessive considering the misconduct involved. However, he does not allege that the order is either unconstitutional or unlawful. Absent a demonstration of unconstitutionality or unlawfulness, there is no authority for this court to alter the punishment. ORS 421.195; ORS 183.480 (7) (a) and (b).[⊚]

■ Petitioner points out that he did not receive the official order of the superintendent adopting the recommendation of the Disciplinary Committee until five days after the hearing was concluded, and contends that this is a violation of Rule IV (5) (d) of the Procedures for Disciplinary Action. He does not claim prejudice. His contention is without merit. The rule in question merely requires that the written decision of the Disciplinary Committee be issued within three days. This was done.

■ Petitioner's contention that he received multiple punishment in that one act on his part was "carved" into separate acts for the purposes of punishment is

---

[⊚] ORS 183.480 (7) (a) and (b) states:

"(7) The court may affirm, reverse or remand the order. The court shall reverse or remand the order only if it finds:

"(a) The order to be unlawful in substance or procedure * * *; or

"(b) The statute, rule or order to be unconstitutional * * *."

without merit. Assuming for the sake of argument that it would be improper for the disciplinary rules to permit one transaction to be divided into several infractions, there is nothing in the record to indicate that the single sanction imposed would be unlawful even if based on only one of the infractions with which he was charged.

■ Finally, petitioner's due-process argument has been answered adversely to his position by *Bonney v. OSP,* 16 Or App 509, 519 P2d 383 (1974).

Affirmed.