Argued April 24, affirmed June 20, 1978

STEPHEN MICHAEL MELTON, *Petitioner,*
*v.*
OREGON STATE CORRECTIONAL INSTITUTION,
*Respondent.*
(No. 1943, CA 9782)
580 P2d 572

Stephanie A. Smythe, Deputy Public Defender, Salem, argued the cause for petitioner. With her on the brief was Gary D. Babcock, Public Defender, Salem.

Scott McAlister, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and Al J. Laue, Solicitor General, Salem.

Before Schwab, Chief Judge, and Lee, Richardson and Joseph, Judges.

RICHARDSON, J.

## RICHARDSON, J.

This is an appeal from the disciplinary action of the Oregon Correctional Institution. Petitioner pleaded guilty to a violation of Disciplinary Rule No. 4, Assault. The Disciplinary Committee recommended he serve 30 days in isolation and forfeit 426 days of statutory "good time." The superintendent approved the recommendation. The sole issue is whether the Disciplinary Committee complied with the rules of the Oregon Corrections Division in recommending forfeiture of petitioner's good time.

Pursuant to ORS 421.120(1)(h), the Corrections Division adopted rules setting forth a uniform procedure for granting, forfeiting and restoring good time. OAR 291, § 20-030(2), provides:

"In no instance shall Good Time forfeiture be recommended unless all other disciplinary options have been specifically considered by the committee and deemed to be, individually and in combination, inadequate to the seriousness of the misconduct in terms of the following factors:

"(a) effectiveness of the sanction as a disciplinary measure; both to the inmate and to the general institution population;

"(b) degree of hazard posed by the misconduct to human health and/or life; institution security; or to property;

"(c) seriousness of the misconduct had it been committed in a wider community;

"(d) circumstances of the misconduct; and

"(e) the inmate's prior record of conduct."

Petitioner does not contend the committee, in fact, disregarded this rule. The essence of his argument is that for purposes of review the record must affirmatively show the committee considered and rejected, as inadequate, other forms of disciplinary action before recommending forfeiture of good time.

Petitioner states the proposition, but cites no authority and offers little argument in support of the

contention. Neither statute nor regulation requires such an affirmative disclosure in the order.

Judicial review of prison disciplinary rules is set forth in ORS 421.195:

> "* * * The court may affirm, reverse or remand the order on the same basis as provided in paragraphs (a) to (d) of subsection (8) of ORS 183.482. * * *"[1]

Under these statutes judicial review of disciplinary sanction is limited to determining if the sanction was lawful and constitutional and supported by substantial evidence. In *Whiley v. OSP,* 18 Or App 86, 523 P2d 1051 (1974), we stated that absent a showing by petitioner of unlawfulness or unconstitutionality we are not authorized to alter the sanction. Petitioner does not challenge the sanction on statutory or constitutional grounds and does not contend there is a want of substantial evidence. The essence of his argument appears to be the affirmative showing is necessary for purposes of review to determine if the committee, in fact, considered all other alternative disciplinary measures.

That the committee considered and rejected other forms of discipline is implicit in the recommendation to forfeit a portion of petitioner's good time. It serves no purpose for the order to catalog all available disciplinary measures followed by a statement they were rejected as inadequate. The order specifies that petitioner's good time is forfeited under "Category A."

---

[1] ORS 183.482(8) provides:

"The court may affirm, reverse or remand the order. The court shall reverse or remand the order only if it finds:

"(a) The order to be unlawful in substance or procedure, but error in procedure shall not be cause for reversal or remand unless the court shall find that substantial rights of the petitioner were prejudiced thereby; or

"(b) The statute, rule or order to be unconstitutional; or

"(c) The rule which the order enforces or upon which the order is based or dependent, is invalid under the provisions of subsection (3) of ORS 183.400; or

"(d) The order is not supported by substantial evidence in the whole record."

"Category A" is defined in OAR 291-20-030(4):

"In no instance will forfeiture of Good Time be recommended unless the misconduct falls within one (1) of the four (4) following categories. * * *

| "CATEGORY | "AMOUNT OF TIME MINIMUM | MAXIMUM |
|---|---|---|
| "(a) Hazard to Human Life/ Health | 50% of Good Time | 100% of all Statutory Good Time and Extra Good Time earned |

"* * * * *"

By designating the misconduct as falling under "Category A" the committee found it constituted a hazard to human life or health in the institution. This finding is supported by substantial evidence in the record. We conclude the order recommending forfeiture of good time is sufficient.

■ Petitioner's second contention is that the record does not show what statutory good time was available to him and thus it cannot be determined if the forfeiture was within the limits set forth in the rules. We answered this, contrary to petitioner's contention, in *Mason v. OSCI,* 34 Or App 329, 578 P2d 808 (1978).

Affirmed.