Argued April 24, affirmed July 5, 1978

# ROGER ALLEN, *Petitioner,*
*v.*
# OREGON STATE PENITENTIARY, *Respondent.*
## (No. 11-77-147, CA 9802)
581 P2d 83

Stephanie A. Smythe, Deputy Public Defender, Salem, argued the cause for petitioner. With her on the brief was Gary D. Babcock, Public Defender, Salem.

Scott McAlister, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and Al J. Laue, Solicitor General, Salem.

Before Schwab, Chief Judge, and Lee, Richardson and Joseph, Judges.

RICHARDSON, J.

**RICHARDSON, J.**

In this prison disciplinary proceeding petitioner was charged with violation of Major Rule No. 1, Disruptive Behavior. He pleaded not guilty. Following a hearing, he was found guilty of the rule violation charged. The Disciplinary Committee recommended 14 days of lost privileges in segregation and forfeiture of 122 days' statutory good time. Petitioner contends he was denied a fair hearing and that the committee did not follow institutional rules in recommending the sanction.

At the commencement of the hearing the petitioner became disruptive and had to be subdued by physical force and the use of mace. He argues the hearing should have been recessed until he calmed down and removed the mace from his eyes. He contends alternatively he should have been provided with representation because he was unable to concentrate due to the mace.

Petitioner's rights were carefully explained to him twice during the initial stages of the hearing. He indicated he understood them and wished to have several questions posed to certain institutional staff members. The hearing was recessed for further investigation. At the continuation of the hearing the answers to the questions were read in the record and petitioner was allowed to give a statement in opposition to the charge and the evidence. His conduct of his defense indicates he was capable of representing himself. Whatever effect the mace may have had on his participation in the first hearing was dissipated by the time of the second hearing. Petitioner was not deprived of a fair hearing.

Petitioner's second contention was answered in *Melton v. OSCI,* 34 Or App 951, 580 P2d 572 (1978).

Affirmed.