Argued April 24, affirmed July 5, 1978

HIZEDIS GOODSPEED, *Petitioner,*
*v.*
OREGON STATE PENITENTIARY, *Respondent.*
(No. 11-77-285, CA 9845)
580 P2d 1060

Stephanie A. Smythe, Deputy Public Defender, Salem, argued the cause for petitioner. With her on the brief was Gary D. Babcock, Public Defender, Salem.

Scott McAlister, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and Al J. Laue, Solicitor General, Salem.

Before Schwab, Chief Judge, and Lee, Richardson and Joseph, Judges.

RICHARDSON, J.

## RICHARDSON, J.

This is a prison disciplinary proceeding in which petitioner was charged with violation of Major Rule No. 10, Disobedience of an Order, and Major Rule No. 1, Disruptive Behavior. He pleaded not guilty. Following a hearing the Disciplinary Committee found him guilty of Disobedience of an Order and dismissed the charge of Disruptive Behavior. The committee recommended he serve one month in segregation and forfeit 30 days' statutory good time.

The incident arose when petitioner was questioning a prison staff member about a disciplinary report the staff member had filed. The misconduct report indicated he became loud and disruptive and the staff member ordered petitioner to accompany him to see a superior officer. Petitioner refused and sat down. During the hearing petitioner admitted he disobeyed the order but denied being loud or disruptive. He said he had a witness.

Petitioner contends his statement that he had a witness was an inartful request for further investigation which should have been honored by the Disciplinary Committee.

Assuming, solely for the purposes of argument, that petitioner's statement was a request for investigation, *see Geddes v. OSP,* 26 Or App 303, 552 P2d 568 (1976), he was not prejudiced by the failure to contact the witness. It appears from the record the witness would have offered evidence respecting the charge of disruptive behavior. That charge was dismissed by the committee.

Petitioner's contentions respecting the order forfeiting good time are disposed of by *Melton v. OSCI,* 34 Or App 951, 580 P2d 572 (1978), and *Mason v. OSCI,* 34 Or App 329, 578 P2d 808 (1978).

Affirmed.