Argued April 24, affirmed July 18, 1978

DONALD PENROD, *Petitioner,*
*v.*
OREGON STATE PENITENTIARY, *Respondent.*
(No. 11-77-118, CA 9742)
581 P2d 124

James E. Mountain, Jr., Deputy Public Defender, Salem, argued the cause for petitioner. With him on

the brief was Gary D. Babcock, Public Defender, Salem.

John W. Burgess, Assistant Attorney General, Salem, argued the cause for respondent. On the brief were James A. Redden, Attorney General, Al J. Laue, Solicitor General, and Thomas H. Denney, Assistant Attorney General, Salem.

Before Schwab, Chief Judge, and Lee, Richardson and Joseph, Judges.

RICHARDSON, J.

## RICHARDSON, J.

In this prison discipline case, petitioner pleaded guilty to violation of Major Rule No. 10, Disobedience of an Order. The Disciplinary Committee issued an order recommending sanctions which stated in part:

"* * * The Committee further recommends that Inmate Penrod's probable release date be reprogrammed by a reduction of 45 days' statutory good time * * * under Category D, in that Inmate Penrod has had eight disciplinary reports in the past three months."

Petitioner contends the order and underlying proceedings are unlawful because the record does not include supporting material relating to his prior disciplinary matters. The apparent argument is that the previous disciplinary record must be included so the appellate court can review the propriety of these prior actions.

The disciplinary order specifies petitioner's good time is forfeited under "Category D." Category (d) is defined in OAR 291-20-030(4):

"AMOUNT OF TIME

| "CATEGORY | MINIMUM | MAXIMUM |
|---|---|---|
| "(d) Third in a Series of Rule Violations Within a 3-month period, while assigned to any Corrections Division Program | 5% of Good Time | 10% of all Statutory Good Time and Extra Good Time earned, OR 6 months, whichever is GREATER" |

Designation of the forfeiture pursuant to Category (d) was a finding petitioner had the requisite number of prior rule violations. There was substantial evidence to support the categorization of the sanction under Category (d). The order, which is part of the record, states that petitioner had eight prior disciplinary reports in the previous three months. There is

implicit authority contained in OAR 291-20-030(4) for the committee to review petitioner's disciplinary file in determining the proper sanction.

■ Our scope of review of the disciplinary sanction is limited to determining if the sanction was constitutional and lawful and if the categorization was supported by substantial evidence. *Melton v. OSCI*, 34 Or App 951, 580 P2d 572 (1978); *Whiley v. OSP*, 18 Or App 86, 523 P2d 1051 (1974). We are not empowered to collaterally review the prior disciplinary orders to determine if they were well founded or of sufficient magnitude to justify the sanction imposed.

Petitioner has access to his prior disciplinary record since he is served with a copy of each disciplinary report when it is issued, OAR 291-40-110(2)(c), and may review his disciplinary file under ORS 192.420. A disciplinary hearing is provided, OAR 291-40-115, and a limited right of appeal. At some point the disciplinary orders become final either through the appeal process or because no appeal is requested. He has at his disposal a means of supplementing the record on appeal to challenge the committee's calculation of the number of his prior disciplinary reports. If the calculation was incorrect the committee may review the sanction without the necessity of appeal. *See Mason v. OSCI*, 34 Or App 329, 578 P2d 808 (1978).

Petitioner makes the additional contention that since the record does not contain supporting material regarding his prior disciplinary reports the order imposing sanctions indicates the committee's action was arbitrary and capricious. We fail to discern any substance to this argument. The committee followed the prescribed rules in categorizing the forfeiture under Category (d) and in disclosing the basis for this categorization. Under that category the committee could exercise its discretion within the minimum and maximum forfeiture allowed.

[ 322 ]

■ Petitioner's final contention is that the sanction constituted cruel and unusual punishment. Petitioner cites no authority nor offers any argument beyond the bare assertion. He apparently contends the sanction is a violation of Art I, §§ 15 and 16, of the Oregon Constitution. Assuming these constitutional provisions set forth a standard for imposition of sanctions in prison discipline cases, *see Mason v. OSCI, supra,* the sanction imposed was not unconstitutional. We conclude the order imposing the sanction was lawful regarding the procedure followed and contained sufficient supporting material for the purpose of review. The committee's action was not arbitrary or capricious and the sanction imposed was neither unconstitutional nor unlawful.

Affirmed.