Argued January 18, reversed in part; reversed and remanded in part
March 1, 1978

STEVEN STILLING, *Petitioner,*
*v.*
OREGON STATE PENITENTIARY, CORRECTIONS
DIVISION, *Respondent.*
(No. 07-77-161, CA 9116)
574 P2d 352

Gary L. Hooper, Deputy Public Defender, Salem, argued the cause for petitioner. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Donald L. Paillette, Assistant Attorney General, argued the cause for respondent. On the brief were James A. Redden, Attorney General, Al J. Laue, Solicitor General, and Kent B. Thurber, Assistant Attorney General, Salem.

[ 3 ]

Before Schwab, Chief Judge, and Johnson and Roberts, Judges.

## SCHWAB, C. J.

Petitioner was found guilty by a prison disciplinary committee of violation of OAR 291-40-050(1), disruptive behavior, and OAR 291-40-050(13), conspiracy. The disciplinary committee made the following findings of fact:

"On July 13, 1977 at approximately 2:00 p.m. Mr. Pribble, Institutions Security Manager obtained sufficient evidence to support the charges that Inmate Steven Stilling was involved in a conspiracy to force other inmates to have their visitors bring narcotics into the institution and that said contraband was to be passed to a group of inmates including Steven Stilling, Dennis Williams, Paul Akins, and Terry Shipley.

"State Police Investigation Report supports the contention that Inmate Stilling and others were involved in said conspiracy and in fact pressured other inmates into bringing narcotics into the institution that had been delivered into the group of 4 inmates. Inmate Stilling was given a polygraph test in which consistent deception was noted in the subject's responses to certain questions in the series. Question number 3, were you present that day when Akins was pressuring Mastney for dope, Stillings answer was no. Question 5, were you present that Saturday when Akins was pressuring Sweet for dope, again his answer was no. Question number 8, that day in the yard did you see Williams receive 7 balloons, the answer was no. Since the first of this year while taking pictures have you packed any drugs from the visiting room, the answer was no. And it was noted that consistent deception was noted in questions 3, 5 and 8.

"Inmate Stilling has been adequately identified as one of the 4 joining in the conspiracy to introduce contraband into the institution. The Disciplinary Committee finds that his actions and pressuring inmates be extremely disruptive to the safety and security of this institution. Committee feels that the charge of Disruptive Behavior and Conspiracy is adequate to cover this violation and therefore dismisses Rule 2 in that no specific organization was established and further that Rule 7 be dismissed in that no contraband narcotic was actually confiscated."

[ 5 ]

■ Petitioner contends that the evidence was insufficient to sustain a finding that he was guilty of violating OAR 291-40-050(1), which states:

"No inmate shall engage in the advocation, encouragement, promotion, or creation of a disturbance.

"A 'disturbance' is a substantial disorder characterized by unruly, noisy, or violent conduct which disrupts the orderly administration of the institution or creates an unreasonably annoying condition which poses a direct threat to the security and/or safety of the institution."

We agree. Nothing in the disciplinary committee's findings of facts indicates that petitioner advocated, encouraged, promoted or created a disturbance nor is there anything in the record which would have supported such findings. The committee's conclusion that petitioner violated OAR 291-40-050(1) is not supported by any evidence.

Petitioner next contends that the committee failed to comply with OAR 291-40-115(5)(e)(A), which provides:

"(5) The disciplinary committee shall consider that information which is of such reliability as would be considered by reasonable men in the conduct of their affairs:

"* * * * *

"(e) Information derived from unidentified informants may be considered by the disciplinary committee:

"(A) The disciplinary committee must find good cause to believe that an individual would be in jeopardy or at unusual risk of harm if his identity and statement were revealed."

■ The "sufficient evidence" referred to in the first paragraph of the committee's findings of fact was provided to prison officials by a secret informant. Petitioner contends and respondent concedes that the findings of fact do not establish that the committee had "good cause to believe" that the informant's life would be in jeopardy and, therefore, the information provided by the informant could not be used by the

committee to convict him of a violation of OAR 291-40-050(13).

The order finding that petitioner violated OAR 291-40-050(1) is reversed; the order finding petitioner violated OAR 291-40-050(13) is reversed and remanded.