# ROGER ALLEN, *Petitioner,*
*v.*
# OREGON STATE PENITENTIARY, *Respondent.*
## (No. 06-77-190, CA 9108)
### 576 P2d 831

Timothy Spofford, Prisoners' Legal Services of Oregon, Salem, argued the cause and filed the brief for petitioner.

Kathleen G. Dahlin, Certified Law Student, Salem, argued the cause for respondent. With her on the brief were James A. Redden, Attorney General, and Al J. Laue, Solicitor General, Salem.

Before Schwab, Chief Judge, and Lee, Richardson and Joseph, Judges.

JOSEPH, J.

## JOSEPH, J.

Petitioner was found guilty by a prison disciplinary committee of a charge arising under two rules of prohibited conduct: OAR 291-40-050(6) (Destruction of Property) and OAR 291-40-050(14) (Attempt). He assigns three errors which require discussion.

The report of violation of institution rules which caused petitioner to be charged contained this summary:

> "A reliable informant told me that Allen had thrown a jar of thinner into cell E-180 where Ferrier 39013 is housed. The informant tells me that Allen was interrupted before he could light the thinner. The informant has given me information in the past that has proven to be accurate."

The officer who signed the report did not appear at the hearing, and the record is devoid of any other information bearing on the reliability of the informant. The disciplinary committee in its findings said:

> "* * * [R]egarding the unidentified informant, Captain Good has received information in the past from said informant that has proven reliable. * * *
>
> "* * * * *
>
> "The Disciplinary Committee gives weight to the unidentified informant's statement that Roger Allen was the perpetrator of this violation * * *."

OAR 291-40-115(5)(e)(B) requires that when unidentified informant evidence is considered, "[t]he record must contain information from which the disciplinary committee can reasonably conclude that the informant was credible and his statement reliable." Petitioner concedes that the quoted report was sufficient for the committee to have found that the informant was credible, but he contends that there was no basis in the record to permit a determination that the particular information given in this instance was reliable. The state response that the officer's assertion of reliability is sufficient in itself because of the

necessity to protect informants and relies on OAR 291-40-115(5)(e)(C).[1]

■ The state's response is not adequate. The rule for qualifying informant testimony as reliable is not ambiguous: "The record must contain information * * *." Of course the record includes the quoted report, but that report contains "information" only that the informant has been accurate in the past, which goes to credibility. It would be strange indeed to hold that reliability in the instant case is established because the person to whom the informant spoke was satisfied by past conduct, particularly where, as here, neither the speaker nor the hearer appeared and the speaker did not, apparently, claim to speak from personal knowledge. Although the rules have been reformulated since *Bekins v. OSP,* 19 Or App 11, 526 P2d 629 (1974), was decided, it is still true that as the trier of fact the committee must have facts before it to sustain a finding of reliability. We do not believe that a conclusory representation unsupported by any evidence that would permit an independent conclusion that the informant was telling the truth in the particular instance satisfies the rules.

■ The error requires remand, even though here, unlike the *Bekins* situation, a finding of guilt did not depend upon the informant's reliability. Petitioner repeatedly said during his hearing that the substance involved in the incident was paint thinner and that he saw another inmate (whom he refused to identify) throw it into the cell. He claimed to have prevented that other inmate from lighting a fire. The findings of

---

[1] OAR 291-40-115(5)(e)(C) states:

"Since experience shows that revealing the identity of the informant or his exact statement in the disciplinary process creates a substantial risk that the informant's identity will be discovered and the informant placed in jeopardy, the disciplinary committee need not know the identity of the informant nor the exact statement to satisfy the standards, but may rely upon conclusory representations and a summary of evidence submitted by the recipient of the confidential information who must be identified."

the committee show that they disbelieved the quasi-heroic parts of petitioner's version of the event but did believe he was at the scene and himself threw the thinner. There was substantial evidence to warrant the committee in doing that, but in view of the committee's having given weight to the informant's statement, the matter must be reconsidered without that element.[2]

Another matter not constituting by itself reversible error requires comment. The first hearing was recessed to allow an opportunity for a polygraph test, which petitioner had arranged for with prison authorities. The test was not given. When the hearing resumed, the following colloquy took place:

"ALLEN: Uh, the State Police took me over to, uh, to give me a polygraph on this matter.

"JACOBS: You had a polygraph taken on this particular case?

"ALLEN: Not yet, no, no. They took me over.

"SHAW: You refused it, did you not?

"ALLEN: No, I didn't refuse it—they took me over on . . .

"SHAW: They informed us that you had refused it.

"ALLEN: No, I hadn't refused it—I was sick. He refused to give me the polygraph because he said that being sick would interfere with the results from that test. So he wouldn't give it to me and he was going to schedule me for—that was on a Tuesday—and he was going to schedule me for that following Thursday. And, uh, nothing happened. So, I talked to Capt. Pribble, uh, last week, and they came by on Tuesday, I explained that to him. I also talked to Mr. Cupp the previous Friday and they said they would get back into it and find out why I haven't been given a polygraph test on this. And I would like to, uh, introduce as evidence if I could, uh, seems to me—I also have something else that, uh, I think probably will be useful in this matter. My attorney is getting a statement from the culprit that did commit the crime

---

[2]Nothing in this opinion should be taken to restrict the agency from altering the form of the subject rule.

and this will be available to me shortly and I haven't gotten it yet. And, uh, I'm trying to get ahold of them and get some more evidence on this thing.

"JACOBS: That's all you have, then?

"ALLEN: Yah, that's all I have.

"JACOBS: Okay."

There was then a recess, at the conclusion of which the committee found petitioner guilty.

■   Petitioner accepts the holdings in *Sandlin v. OWCC,* 28 Or App 519, 559 P2d 1308 (1977), that whether a polygraph test be given or the results admitted in evidence lies within the discretion of the disciplinary committee and that the issue does not rise to the level of due process. What happened here, though, is that the committee exercised its discretion in favor of petitioner and then arbitrarily and without apparent reason proceeded without the test. Petitioner had no reason to know when the hearing resumed that he would be denied the examination. While the committee could originally have denied petitioner's request, once that request had been granted the petitioner was entitled to rely upon it in preparing his defense. His protestation at the resumed hearing should have been treated as a request for a postponement under OAR 291-40-115(4).

■   Petitioner's defense was that someone else did the act. The bottle from which the thinner was thrown into the cell was found there. It was never subjected to fingerprint tests and had disappeared from a prison office before the hearing. Petitioner does not argue that its loss and the failure to test it for fingerprints vitiate the finding of guilt, even though he was apparently led to believe it would be so tested and the committee was aware during the hearing that the existence of fingerprints could be a vital part of petitioner's defense. Instead he claims that without the fingerprinting there was insufficient evidence to convict him. We do not accept that, but the loss of the bottle together with the failure to allow time for the

polygraph test may have unfairly deprived petitioner of the opportunity to present a defense. On remand the committee should reconsider the matter and make a record of reasons for its decision if it should again refuse the test.

Reversed and remanded.