Argued June 19, reversed August 2, 1978

DENNIS L. ROBERTSON, *Petitioner,*
*v.*
OREGON STATE PENITENTIARY, *Respondent.*
(No. 01-78-196, CA 10292)
582 P2d 32

J. Marvin Kuhn, Deputy Public Defender, Salem, argued the cause for petitioner. With him on the brief was Gary D. Babcock, Public Defender, Salem.

William F. Nessly, Jr., Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and Al J. Laue, Solicitor General, Salem.

Before Schwab, Chief Judge, and Lee, Richardson and Jospeh, Judges.

JOSEPH, J.

**JOSEPH, J.**

Petitioner seeks review of an order of the disciplinary committee, which found him guilty of violating Major Rule 13, OAR 291-40-050(13).[1] A charge of disruptive behavior (OAR 291-40-050(1)) was dismissed. He asserts that there was insufficient evidence to sustain the guilty conclusion.

The essence of conspiracy under the rule is an agreement. The committee's "FINDING OF FACT" is set out in the footnote.[2] Petitioner did *advocate* disruptive behavior, albeit in somewhat vague terms, but the conclusion that he "was conspiring with Inmate Hammick to advocate a sit down strike in the penitentiary" is totally without a foundation in the evidence. The officer who filed the original violation report made a supplemental report in which he clearly stated that after petitioner suggested that the group of about 70 inmates strike Monday morning, it then being Friday, Hammick urged that the inmates strike by refusing to leave the visiting room where the meeting was then being held. Even though "extensive discussion" followed, and some participants supported Hammick's idea, the meeting never resulted in *anyone* agreeing to do anything or to cause anything to be done. Without an agreement, there cannot have been a conspiracy.

Reversed.

---

[1] "Conspiracy. No inmate shall enter into an agreement with any other person(s) to:

"(a) Engage in or cause rule violation(s); and/or

"(b) Assist another person(s) in concealing the commission of rule violation(s)."

[2] "On January 20, 1978, at approximately 8:30 p.m., at a Black Culture meeting in the visiting room, discussion reached a matter concerning Inmate Barrett who was in the S&I building. Inmate Barrett is a Black that is a member of the Black Culture. The discussion became rather heated concerning action that should be taken to draw the Administration's attention to the fact that the Black Culture group felt this was an unjust situation. It came to the point in the discussion where the Blacks in said meeting were complaining that they had to ask "the man" and being put down by "the man." Inmate

Robertson was heard by Officer Hernandez to state in said meeting in front of the other Black Culture members, 'We should all strike Monday morning. They can't lock us all up,' thereby advocating a sit-down strike. Said action is extremely disruptive to the administration of the institution. Inmate Robertson was conspiring with Inmate Hammick to advocate a sit-down strike in the penitentiary.

"By his actions and communications, Inmate Robertson did join in said conspiracy, said conspiracy being to cause Disruptive Behavior. The Disciplinary Committee finds elements of Disruptive Behavior involved, but, however, feels that the charge of Conspiracy is adequate to cover this violation, said conspiracy being to commit Disruptive Behavior."