Argued June 21, reversed July 30, 1979

STEVE CARPENTER,
*Petitioner,*
*v.*
OREGON STATE PENITENTIARY,
*Respondent.*
(No. 02-79-098, CA 13572)
597 P2d 1253

Thomas J. Crabtree, Deputy Public Defender, Salem, argued the cause for petitioner. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Scott McAlister, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief was James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Schwab, Chief Judge, and Lee, Gillette, and Campbell, Judges.

GILLETTE, J.

[343]

**GILLETTE, J.**

In this prison discipline case, petitioner was charged with and found to be in violation of prison discipline Rule 1 (OAR 291-40-050(1)) — Disruptive Behavior[1] — and Rule 13 (a) (OAR 291-40-050(13)(a) — Conspiracy to Commit a Rule Violation.[2] We reverse.

This case arises out a concerted work stoppage which occurred at the Oregon State Penitentiary beginning February 7, 1979. As with the other prison discipline cases reaching us and arising out this incident, the record in this case is sparse.[3] In this particular case, as in six others presently on review, the Disciplinary Committee made its finding based entirely on a report containing information attributed to an undisclosed number of confidential informants. The report states:

> "I have information which was received from informants whose identity must remain anonymous as disclosure would jeopardize their personal safety, and whose information has proven reliable in the past, you and other inmates have conspired to cause a disturbance through the means of an organized sit down strike, for the purpose of making demands of the Administration by circumventing established methods of protest."

The facts stated in the report, if true, are sufficient to constitute violations of Rules 1 and 13. *Harrington*

---

[1] OAR 291-40-050(1) provides:

"Disruptive Behavior. No inmate shall engage in the advocation, encouragement, promotion, or creation of a disturbance.

"A 'disturbance' is a substantial disorder characterized by unruly, noisy, or violent conduct which disrupts the orderly administration of the institution or creates an unreasonably annoying condition which poses a direct threat to the security and/or safety of the institution."

[2] OAR 291-40-050(13)(a) provides:

"No inmate shall enter into an agreement with any other person(s) to:

"(a) Engage in or cause rule violation(s); * * *"

[3] *See Calhoun v. OSP*, 41 Or App 339, 597 P2d 1250 (decided this date).

*v. OSP*, 41 Or App 349, 597 P2d 1252 (decided this date). The sole question in the case thus becomes: was the Disciplinary Committee entitled to accept confidential informant evidence in this form? We hold that it was not.

Confidential informant testimony is governed by OAR 291-40-115(5)(e), which provides, in pertinent part:

"Information derived from unidentified informants may be considered by the disciplinary committee:

"* * * * *

"(B) The record must contain information from which the disciplinary committee can reasonably conclude *that the informant was credible and his statement reliable.*

"(C) * * * [T]he disciplinary committee need not know the identity of the informant nor the exact statement to satisfy these standards, but may rely upon conclusory representations and a summary of evidence submitted by the recipient of the confidential information who must be identified." (Emphasis added.)

The report in question satisfies the first part of OAR 291-40-115(5)(e)(B); it amply demonstrates that the informant is credible. However, it fails to set forth any facts from which the prison authorities could have concluded that the confidential informant's statement was itself reliable. For example, the report contains nothing to indicate how the informant came into possession of such information, *i.e.*, whether it was from personal observation, general rumor, or the product of divination from the entrails of an owl. This is not sufficient to meet the test of OAR 291-40-115(5)(e)(B). *Allen v. OSP*, 33 Or App 427, 576 P2d 831 (1978); *Bekins v. OSP,* 19 Or App 11, 516 P2d 629 (1974).

Respondent argues that the occurrence of the strike itself proves the reliability of the informant's *post hoc* statement. It does not, any more than an informant's

[346]

statement that he knew an event had occurred would provide an independent index of reliability as to the informant's identification of the alleged perpetrator. *See Allen v. OSP, supra.*

The respondent concedes that, if the confidential informant report is insufficient, there is no other evidence to support the Disciplinary Committee actions here.

Reversed.