Argued June 21, reversed July 30, 1979

MICHAEL CALHOUN,
*Petitioner,*
*v.*
OREGON STATE PENITENTIARY,
*Respondent.*

(No. 02-79-097, CA 13670)

597 P2d 1250

David E. Groom, Public Defender's office, Salem, argued the cause for petitioner. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Scott McAlister, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief was James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Schwab, Chief Judge, and Lee, Gillette, and Campbell, Judges.

GILLETTE, J.

[339]

## GILLETTE, J.

In this prison discipline case, petitioner was charged with and found guilty of violations of Rule 1 (OAR 291-40-050(1)) — Disruptive Behavior[1] and Rule 13(a) (OAR 291-40-050(13)(a) — Conspiracy to Commit a Rule Violation.[2] We find no evidence on this record that petitioner violated either rule, and so reverse.

This case, along with several others which we decide today, arose out of concerted work stoppage which occurred at the Oregon State Penitentiary beginning on February 7, 1979. The record here—as in most of the other cases—is sparse, perhaps due to the large number of proceedings occasioned by the strike. Even when read in the light most favorable to respondent, it only establishes that petitioner, during a private interview with prison personnel, stated, "I support the inmate strike and will not return to my assignment until a solution is reached." There is no evidence that petitioner took part in the strike, encouraged others to do so, or disobeyed any order given.

The prison disciplinary committee found petitioner guilty of violating both rules. Its findings of fact, which were virtually identical to those entered in the other cases we review here today, recited:

> "On February 7, 1979, many inmates at the Oregon State Penitentiary staged a sit-down strike against their work assignments at the Penitentiary

---

[1] OAR 291-40-050(1) provides:

"Disruptive Behavior. No inmate shall engage in the advocation, encouragement, promotion, or creation of a disturbance.

"A 'disturbance' is a substantial disorder characterized by unruly, noisy, or violent conduct which disrupts the orderly administration of the institution or creates an unreasonably annoying condition which poses a direct threat to the security and/or safety of the institution."

[2] OAR 291-40-050(13)(a) provides:

"No inmate shall enter into an agreement with any other person(s) to:

"(a) Engage in or cause rule violation(s); * * *"

Industries, and thereby created unruly and at times noisy conduct that disrupted the orderly administration of the institution.

"Some inmates, by word of mouth to other inmates, encouraged and advocated that those other inmates also join in and support said strike, thereby agreeing with each other to engage in rule violation of Disruptive Behavior. By said action of joining the strike did create disruptive behavior, and by encouraging others to participate in said strike, many doing so, did conspire to commit rule violation.

"Inmate Calhoun, OSP 40528, was found to have joined in the strike, thereby encouraging said disruptive behavior and agreeing in the conspiracy to strike."

■ We have no difficulty in accepting the respondent's position that a sit-down strike is, when conducted in a prison setting, "a substantial disorder characterized by unruly * * * conduct" as proscribed by Rule 1. Such behavior is an open challenge to the administration of the prison directly reflecting on the ability of prison officials to control the inmate population. However, there is no evidence in this record that this inmate ever took part in the strike, either by joining others in sitting down at their job assignments or by refusing to go to work under circumstances indicating the refusal was based upon a decision to join the strike. Petitioner's conviction for violation of Rule 1 must be reversed. *Stilling v. OSP*, 33 Or App 3, 574 P2d 352 (1978).

■ As to the Rule 13(a) (conspiracy) charge, the parties agree that the essence of any such charge is an *agreement. Robertson v. OSP*, 35 Or App 591, 582 P2d 32 (1978). In this case, there is no evidence of such an agreement. Respondents have proved no more than an abstract belief - something permissible even in prison. The petitioner's conviction for violation of Rule 13(a) must also be reversed.

Reversed.