Argued June 21, affirmed July 30, 1979

JEAN HARRINGTON,
*Petitioner,*
*v.*
OREGON STATE PENITENTIARY,
*Respondent.*
(No. 02-79-110, CA 13693)
597 P2d 1252

David E. Groom, Public Defender's office, Salem, argued the cause for petitioner. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Scott McAlister, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief was James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Schwab, Chief Judge, and Lee, Gillette, and Campbell, Judges.

GILLETTE, J.

## GILLETTE, J.

In this prison discipline case, petitioner was charged with and found guilty of violations of prison disciplinary Rule 1 (OAR 291-40-050(1)) — Disruptive Behavior[1] and Rule 13 (a) (OAR 291-40-050(13)(a)) — Conspiracy to Commit a Rule Violation.[2] We affirm.

This is another of the cases arising out of a concerted work stoppage or sit-down strike which occurred at the Oregon State Penitentiary beginning on February 7, 1979. *See Calhoun v. OSP*, 41 Or App 339, 597 P2d 1250 (decided this date). As was true in *Calhoun*, the record here is sparse. It is sufficient, however, to establish that petitioner was an actual participant in the work stoppage in the prison laundry on the day in question. Accordingly, his conviction for violation of Rule 1 is affirmed. *See Calhoun v. OSP, supra.*

Respondent argues, and we agree, that — at least under the circumstances of this case — the disciplinary committee was entitled to find petitioner's public joining of the strike constituted "conspiracy" as that term is defined in Rule 13 (a), *viz.*, "* * * an agreement with any other person(s) to * * * engage in or cause rule violations." The joint action of petitioner and the others permits the reasonable inference of an actual, even if unspoken, agreement to stop work at the prison.

Petitioner relies on *Robertson v. OSP*, 35 Or App 591, 582 P2d 32 (1978), but that case will not aid him.

---

[1] OAR 291-40-050(1) provides:"Disruptive Behavior. No inmate shall engage in the advocation, encouragement, promotion, or creation of a disturbance.

"A 'disturbance' is a substantial disorder characterized by unruly, noisy, or violent conduct which disrupts the orderly administration of the institution or creates an unreasonably annoying condition which poses a direct threat to the security and/or safety of the institution.

[2] OAR 291-40-050(13)(a) provides:

"No inmate shall enter into an agreement with any other person(s) to:

"(a) Engage in or cause rule violation(s); * * *"

*Robertson* involved a discussion of a possible sit-down strike between inmates. The discussion never resulted in any agreement. Here, by contrast, there was a strike. Strikes are concerted actions; agreement lies at their heart. The committee was entitled to view petitioner's act of joining the strike as a manifestation of an agreement.

Affirmed.