Argued August 23, reversed October 22, 1979

# ARMAS,
*Petitioner,*
*v.*
# OREGON STATE PENITENTIARY,
*Respondent.*

## (No. 03-79-076, CA 13909)

601 P2d 843

Thomas J. Crabtree, Deputy Public Defender, Salem, argued the cause for petitioner. With him on the brief was Gary D. Babcock, Public Defender, Salem.

[717]

Scott McAlister, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Joseph, Presiding Judge, and Lee and Richardson, Judges.

RICHARDSON, J.

## RICHARDSON, J.

Petitioner was found guilty by the Prison Disciplinary Committee of violating Prison Discipline Rule 1, Disruptive Behavior,[1] and Rule 13a, Conspiring to Commit a Rule Violation.[2] Petitioner challenges the Committee's consideration of the results of polygraph examination and contends that there is not substantial evidence to support the Committee's findings.

On February 11, 1979, petitioner was questioned during a polygraph examination about his involvement in a prison strike and his attempts to organize "Mexican Mafia" gangs for the purpose of drug smuggling within the prison. On March 7, 1979, a disciplinary report was filed charging that petitioner and other inmates had conspired to cause a disturbance through the means of organizing gangs. The Disciplinary Committee concluded, on the basis of the polygraph examiner's report, that petitioner had violated Rules 1 and 13a.

Petitioner contends that it was improper for the Committee to consider the results of the polygraph examination because the record indicated that the operator's license had expired. In *Williams v. OSP*, 29 Or App 455, 564 P2d 706 (1977), we held that the results of a polygraph examination were not admissible as evidence in a prison discipline hearing absent a foundation in the record consisting of the qualifications of the operator, ORS 703.050. *See also Preston v.*

---

[1] Rule 1 provides:

"Disruptive Behavior. No inmate shall engage in the advocation, encouragement, promotion, or creation of a disturbance.

"A 'disturbance' is a substantial disorder characterized by unruly, noisy, or violent conduct which disrupts the orderly administration of the institution or creates an unreasonably annoying condition which poses a direct threat to the security and/or safety of the institution."

[2] OAR 291-40-050(13)(a) provides:

"No inmate shall enter into an agreement with any other person(s) to:

"(a) Engage in or cause rule violations(s) * * *."

*OSP*, 35 Or App 799, 583 P2d 9 (1978). The record contains a letter to the superintendent of the penitentiary which states that the polygraph operator is licensed under ORS 703.010 to 703.990. Thus, the proper foundation was laid. The one year license certificate which appears in the record had expired, however, the current polygraph license held by the operator was made a part of the record on appeal. The superintendent who certified the record for appeal stated, by way of affidavit, that the current license should have been submitted as part of the record rather than the expired one. Because there was evidence laying the foundation that the operator was licensed, the results of the polygraph examination were admissible.

■ The state concedes that there is no evidence to support the finding of a violation of Rule 1 because there is no evidence that any of the activities prohibited by that rule actually occurred. We agree. *Stilling v. OSP*, 33 Or App 3, 6, 574 P2d 352 (1978).

■ We also agree with petitioner that there is insufficient evidence to find him guilty of conspiracy under Rule 13a.

As we said in *Robertson v. OSP*, 35 Or App 591, 593, 582 P2d 32 (1978), "[t]he essence of conspiracy under the rule is an agreement." Neither from the conclusions of the polygraph operator nor the report of the confidential informant are we able to discern any agreement by petitioner and another to "organiz[e] gangs (Mexican Mafia) for the purpose of controlling drugs inside the institution and strong arming inmates."

Reversed.